# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

====================

## NO. 03-12-00196-CR

====================

**Gary Lavelle Richardson, Appellant**

**v.**

**The State of Texas, Appellee**

====================

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 67169, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

====================

## M E M O R A N D U M   O P I N I O N

Gary Lavelle Richardson, appellant, pleaded guilty to the offense of possession with intent to deliver 400 grams or more of a controlled substance within 1000 feet of a school. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2010), § 481.134(c)(1) (West Supp. 2012). Appellant was sentenced by the court, which assessed punishment at 45 years' imprisonment. Appellant filed a motion for new trial on punishment, which the trial court granted. After conducting a new sentencing hearing, the court assessed punishment at 60 years' imprisonment. In one issue, appellant complains that the trial court erred by imposing on retrial a sentence higher than the one originally imposed. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After his motion to suppress evidence was denied, appellant pleaded guilty to the offense of possession of over 400 grams of a controlled substance within 1000 feet of a school. At

the sentencing hearing, the trial court received the presentence investigation report and was referred to probable cause affidavits in the court's file. The State also reminded the court that the record of the hearing on the motion to suppress evidence was part of the file. The court asked appellant's counsel if he would like to present evidence, and counsel indicated that appellant had friends and family and stated that he "believe[d] if [he] called them they would testify that [appellant] is trying to turn his life around." Appellant's counsel then proceeded to make a brief argument for leniency but did not call any witnesses. In its argument, the State described appellant as a person "engaged in the large scale distribution of cocaine." The State then reminded the court of the evidence it heard during the hearing on the motion to suppress evidence; specifically that appellant's car was parked illegally at the home of a suspected drug dealer near a middle school and that after he was detained by the officers, appellant grabbed from his truck a green bag containing a bag of marijuana and over 400 grams of cocaine and ran through a neighborhood pursued by three officers. The State recounted that once the police caught up to him, appellant did not surrender but fought with the police and bit one of them on the arm. The State argued that appellant was not dealing small amounts of cocaine but rather supplied drugs to the dealers themselves and asked the court to "set his punishment high." After hearing the arguments, the court sentenced appellant to 45 years' imprisonment.

Appellant was then appointed new counsel, who filed a motion for new trial on punishment. Appellant asserted that he had received ineffective assistance of counsel at the punishment hearing because his previous counsel did not properly investigate and prepare to present evidence to the trial court. Specifically, appellant's mother, who was present at the hearing, was not called to testify about appellant's background. Appellant also asserted that his previous counsel did

2

not respond to his mother's attempts to contact him and consequently he did not learn of other character witnesses whose testimony could be beneficial to appellant, including his brother. The court held a hearing on the motion for new trial at which appellant's previous counsel testified that he did not ask appellant's mother about anything in appellant's personal background that might mitigate or reduce a sentence in the case. At the conclusion of the hearing, the trial court granted the motion for new trial on punishment.

At the new sentencing hearing, the State did more than simply refer to the presentence investigation report and the probable cause affidavits. It called all four officers involved in arresting appellant, each of whom gave a detailed account of the events. They described how appellant ran through a neighborhood with a bag full of marijuana and cocaine. He jumped over several fences with the officers pursuing him. One of the officers suffered a serious shoulder injury that required surgery and six-months' absence from work. When one of the officers caught up to appellant and tackled him, appellant continued to struggle and was only brought under control when the other officer sprayed him with pepper spray. During the struggle appellant bit one of the officers on the arm. The State also elicited testimony from a detective with the Killeen Police Department's organized crime unit who identified the drugs taken from appellant, which were then admitted into evidence. The detective testified that the drugs were packaged in such a way that indicated to him they were cut from a brick and were in amounts that revealed they were being sold to dealers rather than for individual consumption. After the State rested, appellant's counsel called several witnesses, including appellant's mother, his brother, his spiritual guide, and a former business associate. While each testified as to appellant's good character, they also stated that they were unaware that he was

involved with drugs or that he had an extensive criminal history. At the conclusion of the hearing, the court assessed punishment at 60 years' imprisonment.

Counsel for appellant objected to the new sentence on the ground that no new evidence was presented that justified the trial court's imposing a longer sentence than she had previously assessed. In his brief in support of his objection to the increased sentence, appellant cited the "well-settled doctrine of 'judicial vindictiveness'" according to which "the trial judge could not sentence [appellant] to a greater term of years after a successful appeal unless there was objective evidence in the record to support an increased sentence." Appellant asserted that the higher sentence was "vindictive and not supported by any new evidence of conduct on the part of the Defendant and there was no new evidence presented by the State that could not have been presented at the original sentencing that was within the knowledge of the prosecutor or could not have been found with due diligence on the part of the State."

The court held a hearing on appellant's objection to the higher sentence. At the conclusion of the hearing, the court announced that it was going to stay with the 60-year sentence. The court explained that she assessed the higher sentence because at the new trial on punishment she heard detailed testimony from several witnesses regarding appellant's actions on the day he was arrested, including fleeing from the police and running through a neighborhood with a bag of drugs. The court referred to the fact that she had seen the large amount of drugs appellant had in his possession and how they were packaged. The court stated that the State's evidence was much more detailed than the presentence information report she saw at the first punishment hearing and that "the court was overwhelmed with all of what I heard and what I saw by both sides." The court explained

4

that she weighed all the evidence, along with the presentence investigation report, and concluded that a 60-year sentence was appropriate. Appellant then perfected this appeal.

## DISCUSSION

In one issue, appellant asserts that the trial court erred in assessing a higher sentence after the new trial on punishment. Relying on *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2010), appellant states that imposing the higher sentence was error because there was no evidence presented at the new trial on punishment that the trial court had not heard before or that the State could not have presented at the original trial on punishment. In *Miller*, the court of criminal appeals held that the defendant's appellate counsel was ineffective because he failed to raise a point of error on appeal that would have required the appellate court to vacate the sentence imposed and remand the case for a new trial. 330 S.W.3d at 622. The court explained that this would have resulted in the possibility of a lesser sentence being imposed and carried no risk of a greater sentence because a greater sentence would be barred by the presumption of judicial vindictiveness unless the State could introduce new objective information to justify an increased sentence. *Id.* at 632. To qualify as "new" evidence, the evidence must have been "unknown to the state at the time of the first punishment hearing and [] could not have been discovered by the state using due diligence at that time." *Id.*

Although appellant asserts in his brief that he does not rely on any presumption of vindictiveness, the requirement he relies on in seeking reversal—that there be "new" evidence to justify imposing a higher sentence after a new trial on punishment—applies only when the presumption of judicial vindictiveness exists. *See North Carolina v. Pearce*, 395 U.S. 711, 726

(1969) (holding that more severe sentence imposed by same judge on retrial after appellate reversal is presumed to be vindictive unless rebutted by "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding"). In the present case, however, because the trial court itself granted the motion for new trial on punishment, no presumption of judicial vindictiveness arises. *See Castleberry v. State*, 704 S.W.2d 21, 24 (Tex. Crim. App. 1984) ("We conclude the rationale of *Pearce* does not and cannot apply to the instant case simply because appellant never exercised his statutory or constitutional right to review by a higher court."). The *Castleberry* court observed that the rationale of *Pearce* is that due process of law is violated if "a convict suffers an increase in punishment as a direct result of his having exercised a constitutional or statutory right to present legal errors *to a higher court.*" *Id.* at 23 n.3 (emphasis added). Thus, a presumption of vindictiveness attaches only when the initial sentence was set aside on appellate review. *See Alexander v. State*, No. 04-08-00050-CR, 2008 WL 4594995, at *2 (Tex. App.—San Antonio Oct. 15, 2008, no pet.) (mem. op., not designated for publication) ("[T]he presumption of vindictiveness does not apply unless the defendant exercises a statutory or constitutional right to review by a higher court."); *Coleman v. State*, No. 03-99-00103-CR, 2000 WL 351363, at *2 (Tex. App.—Austin Apr. 6, 2000, no pet.) (mem. op., not designated for publication) (same); *see also Texas v. McCullough*, 475 U.S. 134, 138 (1986) (no basis for presumption of vindictiveness when second trial "came about because the trial judge herself concluded that the prosecutor's misconduct required it"). There is no presumption of vindictiveness here. In the absence of such a presumption, there is no corresponding requirement that the higher sentence be justified by evidence of conduct that occurred after the initial

6

sentencing hearing or that could not have been discovered by the State using reasonable diligence at that time.

In the absence of a presumption of vindictiveness, the State asserts that the trial court need only set out adequate justification for the increased punishment. Assuming that it was required to do so, the trial court explained at the hearing the reasons for increasing the sentence. Specifically, the court expressed that it heard about appellant's conduct in greater detail, including hearing testimony from the officers involved regarding injuries inflicted on them by appellant and that even when tackled by the officers he continued to struggle until subdued using pepper spray. The officers testified that they pursued appellant and his bag of drugs through several privately owned properties in a neighborhood near a middle school. The court also noted that rather than merely read about the amount of drugs in appellant's possession, she was able to see them at the new trial on punishment. Essentially, the trial court stated that the testimony and exhibits presented a fuller picture of the seriousness of appellant's actions both in dealing large amounts of cocaine and in fleeing the officers and causing injuries to two of them. We hold that the trial court set out sufficient grounds to justify increasing appellant's sentence after granting the new trial on punishment. We overrule appellant's sole appellate issue.

## CONCLUSION

Having overruled appellant's only appellate issue, we affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   February 12, 2013

Do Not Publish